USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 7/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, Plaintiff, | : | 1:25-cv-9500-GHW |
| -v- | : | ORDER |
| ALL STATE EQUIPMENT, LLC *et al.*, Defendants. | : | |

GREGORY H. WOODS, United States District Judge:

Plaintiff filed this breach of contract action alleging that Defendants breached an indemnity agreement (the "Agreement") between the parties by failing to pay Plaintiff costs incurred on construction and performance bonds which Defendants were obligated to pay pursuant to the Agreement. The Agreement at issue in this case was executed by Defendants All State Equipment, LLC; Jason McKeever; Jodi McKeever; and Matrix Environmental, Inc. Dkt. No. 27 ("AC") ¶ 6. Plaintiff alleges that the other entity named as a defendant in this case, Miller Environmental, Inc. ("Miller"), also agreed to indemnify Plaintiff under the bonds on a theory of successor liability—that because Miller purchased some of Matrix's assets, Miller falls within the Agreement's broad definition of an "indemnitor." *Id.* ¶¶ 10–15. Plaintiff alleges that under the terms of the Agreement, "the Indemnitors, including Miller, are jointly and severally liable" to Plaintiff for all loses and expenses incurred by it as a result of the issuance of the construction bonds. *Id.* ¶¶ 65, 80; *see also* Dkt. No. 27-5 at 2.

On June 17, 2026 Mr. McKeever filed a suggestion of bankruptcy, notifying the Court that he had filed a bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code and that this case is now automatically stayed with respect to hum under 11 U.S.C. § 362. Dkt. No. 86. On June 23, 2026, the Court directed the other non-debtor Defendants (the "Remaining Defendants") to submit

a letter outlining their respective positions as to whether this case should be stayed as to the Remaining Defendants during the pendency of Mr. McKeever's bankruptcy proceedings. Dkt. No. 88. On June 30, 2026, Plaintiff and Defendant Miller submitted a joint letter outlining their positions as to the effect of Mr. McKeever's bankruptcy on this case, Dkt. No. 90, and the Court held a teleconference on July 2, 2026, to clarify the parties' positions as outlined in the June 30, 2026 letter. During that conference, Defendant Miller represented that it intended to amend its answer to assert crossclaims against Mr. McKeever, Plaintiff clarified that all indemnitors are jointly and severally liable under the Agreement, and Defendant Miller represented that it was listed as a co-debtor in Mr. McKeever's bankruptcy proceeding. Defendant Miller also represented that it was in the process of consulting bankruptcy counsel.

In light of the parties' representations during the July 2, 2026 conference, the Court ordered the parties to submit an updated letter no later than July 16, 2026 as to whether this case should be stayed as the Remaining Defendants. Because the Court finds that the continuing the litigation of Plaintiff's claims against the Remaining Defendants will have immediate adverse economic consequences on Mr. McKeever, the case is STAYED until such a time as the United States Bankruptcy Court for the Middle District of Tennessee lifts the stay as to Mr. McKeever or otherwise orders.

## I. DISCUSSION

An action against a debtor's non-debtor co-defendants "is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). "[C]ourts will generally not extend the automatic stay of proceedings . . . to non-debtor co-defendants." *DeSouza v. PlusFunds Grp., Inc.*, No. 05 Civ. 5990 RCCJCF, 2006 WL 2168478, at *2

(S.D.N.Y. Aug. 1, 2006). However, the Second Circuit has recognized certain exceptions to that general rule, holding that "[t]he automatic stay can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. Such claims include "a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant . . . ." *Id.*; *see also DeSouza*, 2006 WL 2168478, at *2 (noting the stay may be extended to non-debtor defendants in "unusual circumstances," such as "where failure to extend the stay would pose a serious threat to the debtors' reorganization efforts" (internal quotation marks and citations omitted)). "The question is whether the action against the non-debtor is sufficiently likely to have a 'material effect upon . . . reorganization effort[s],' that debtor protection requires an exception to the usual limited scope of the stay." *DeSouza*, 2006 WL 2168478, at *2 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)).

Trying the action against the Remaining Defendants is sufficiently likely to have a material effect upon Mr. McKeever's bankruptcy to warrant an extension of the automatic stay at this time. Significantly for the purposes of this decision, Plaintiff asserts that all Defendants are jointly and severally liable to Plaintiff for all losses and expenses incurred by it as a result of the issuance of the construction bonds. AC ¶¶ 65, 80; *see also* Dkt. No. 27-5 at 2. And Defendant Miller identifies that it may be unable to file an amended answer as previously anticipated to the extent that it intends to add claims against Mr. McKeever. Dkt. No. 94 at 5. Miller contends that it "should not be placed in the position of choosing between omitting claims necessary to protect its rights and filing a pleading that may . . . violate the automatic stay, particularly while Miller is still evaluating the steps required to preserve those claims in the Chapter 11 proceeding." *Id.*

These facts establish an identity of interests between the debtor and the Remaining Defendants sufficient to support an extension of the automatic stay as to them. Because Defendants are jointly and severally liable for the plaintiff's claims, the litigation of claims asserted against the Remaining Defendants "will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd.*, 321 F.3d at 287. That is because, as currently contemplated, a favorable resolution of the plaintiff's claims against the Remaining Defendants will impose liability on Mr. McKeever as a joint and several obligor with respect to indemnification. And Mr. McKeever's exposure is equivalent to that of a guarantor of the Remaining Defendants' liability. *See id.*

Moreover, the claims against the debtor are, as pleaded, inextricably intertwined with those against the Remaining Defendants. *See generally* AC. And the Court understands from the pretrial conferences in this matter that Defendant Miller's liability derives from the liability of the original "Named Indemnitors." This set of facts also supports the extension of the automatic stay to the Remaining Defendants. *See Hatteras Enters. Inc. v. Forsythe Cosmetic Grp., Ltd.*, No. 15-CV-5887, 2024 WL 1908593, at *3 (E.D.N.Y. May 1, 2024) (extending stay to non-debtor defendants where plaintiffs did not differentiate among defendants, and proceeding to trial against non-debtor defendants "dangerously approache[d] claims that are inextricably intertwined with those brought against the debtor"); *Tenas-Reynard v. Palermo Taxi Inc.*, No. 14 Civ. 6974, 2016 WL 1276451, at *6 (S.D.N.Y. Mar. 30, 2016) (extending automatic stay to non-debtor defendant where non-debtor defendant's "liability is automatic and co-extensive with [debtor defendant's] liability"); Dkt. No. 40, *Tr. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Universal Developers, Inc.*, No. 1:23-cv-1082-AT (S.D.N.Y. June 29, 2023) (order extending automatic stay to non-debtor defendants).

In addition, there is good cause to stay this case as to the Remaining Defendants because it is inefficient to attempt to litigate this case while the case is stayed as to Mr. McKeever for two

reasons. First, Plaintiff's theory of Defendant Miller's liability relies on proof that Miller is a successor to Matrix. And Mr. McKeever is the President of Matrix. Dkt. No. 27-1 at 6. As a result, the Court anticipates that Mr. McKeever's participation in the litigation will be required in order for Plaintiff to prove that Miller is a successor under the Agreement. Second, Miller wishes to pursue claims for indemnity, contribution, and allocation against Mr. McKeever. Dkt. No. 94 at 5. As a result, allowing the case to proceed against the Remaining Defendant would "interfere with Miller's ability to present a complete defense." *Id.* And allowing the case to proceed without the opportunity for Miller to litigate its claims for indemnity against Mr. McKeever "risk[s] duplicative proceedings." Accordingly, because it is less efficient for the case to proceed against the Remaining Defendants, a stay as to the Remaining Defendants is warranted.

## II. CONCLUSION

For the foregoing reasons, this action is stayed as to the Remaining Defendants. This action is, therefore, stayed, and all scheduled dates and deadlines in this case, including the deadline for Defendant Miller to file its reply in support of its motion to dismiss and to file its amended answer, are adjourned *sine die*. Defendant Miller's motion to dismiss will be held in abeyance until the stay in this matter is lifted. The stay will remain in effect until such a time as the United States Bankruptcy Court for Middle District of Tennessee lifts the stay as to Mr. McKeever or the Remaining Defendants, or, with respect to the Remaining Defendants, as the Court otherwise orders.

Plaintiff is directed to file a status update letter no later than ten days after Bankruptcy Court lifts the stay as to Mr. McKeever or the Remaining Defendants or by January 3, 2027, whichever is earlier. The Clerk of Court is directed to note the stay of this action on the docket and to terminate the motion pending at Dkt. No. 80.

SO ORDERED.

Dated: July 17, 2026
New York, New York

GREGORY H. WOODS
United States District Judge